UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN HORN,

       Plaintiff,                                Case No. 07-10116

v.                                          District Judge Nancy G. Edmunds
                                              Magistrate Judge R. Steven Whalen

BAY COUNTY SHERIFF'S
DEPARTMENT, et al.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO AMEND COMPLAINT**

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint [Docket #19]. Plaintiff's original complaint, filed on January 8, 2007, named as a Defendant the Bay County Sheriff's Department Medical Facility, and claimed an Eighth Amendment violation based on inadequacy of medical treatment while Plaintiff was a pretrial detainee at the Bay County Jail.

In his proposed amended complaint, Plaintiff has added a number of Defendants, and has also expanded the nature of his claims. For the reasons set forth below, Plaintiff's motion to amend will be GRANTED IN PART AND DENIED IN PART.

**I. STANDARD OF REVIEW**

Plaintiff is a *pro se* prison inmate, and as such, his pleadings are not held to the standard of a practicing attorney, but are to be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Nevertheless, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Fed.R.Civ.P. 15(a) states that after a responsive pleading is filed, a complaint may be amended only by leave of the court, and that "leave shall be freely given when justice so requires." However, despite the general rule of liberality with which leave to file amended complaints is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corporation v. Department of*

*Treasury*, 987 F.2d 376 (6th Cir. 1993).

## II.   ANALYSIS

In Counts I, II and III of the amended complaint, Plaintiff claims violations of "the Privilege and Immunities Clause and his First, Fifth, Fourteenth and Eight (sic) Amendment rights to petition for grievances, to due process and protection against cruel and unusual punishment." Count I names Defendant Nurse Amy Doe, Count II names Defendants Nurse Jody Doe, Capt. Newt Jerome and Sgt. Laura Redman, and Count III names Defendant Dr. Joseph Natole, M.D.

The factual underpinnings of the amended complaint derive from allegedly improper medical attention Plaintiff received while in the custody of the Bay County Sheriff's Department. As to the Defendants named in Counts I, II and III, he has, for purposes of pleading, articulated a claim of deliberate indifference to medical needs. However, because he was, at the time, a pretrial detainee, the applicable constitutional provision is Fourteenth Amendment Due Process, not the Eighth Amendment, which is applicable to prisoners who have been convicted. Pretrial detainees have a constitutional right to medical care. *Roberts v. City of Troy,* 773 F.2d 720, 723 (6th Cir. 1985). Although pretrial detainees' rights are analyzed under the Fourteenth Amendment's due process rights, they are completely analogous to the Eighth Amendment rights of prisoners, *Barber v. City of Salem, Ohio,* 953 F.2d 232, 235 (6th Cir. 1992), in order "to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts,* 773 F.2d at 723. Hence, pretrial detainees have a due process right to receive medical care, which can be

analyzed under an Eight Amendment paradigm. *Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1096 (6th Cir. 1992).

Therefore, Counts I, II and III of the amended complaint will be construed as asserting Fourteenth Amendment claims of deliberate indifference to medical needs, and the motion to amend will be GRANTED with respect to those claims.

However, the amended complaint sets forth no basis for claims under the Privileges and Immunities Clause, or under the Fifth or First Amendments. Therefore, the motion to amend is DENIED with respect to those claims.

Counts IV and V allege claims of supervisory liability against Defendant Bay County Sheriff (Count IV) and Secure Care, Inc. (Count V), the employers of the Defendants named above. Specifically, Plaintiff alleges that these Defendants had either written or unwritten policies and procedures, and that they failed to properly train their employees. For purposes of pleading, Counts IV and V properly set forth claims of supervisory liability under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1]

Count VI alleges a state law claim of gross negligence against Defendants Amy Doe, Jody Doe, Laura Redman, Newt Jerome and Dr. Joseph Natole, Jr., again based on claimed inadequacies of medical treatment. The motion to amend as to Count VI will be GRANTED.

In Count VII, Plaintiff asserts a state law claim of medical malpractice against Amy

---

[1] The Court expresses no opinion at this time as to whether these claims would survive summary judgment or other dispositive motions.

Doe, Jody Doe and Dr. Natole. However, "Plaintiff[] ha[s] failed to produce an affidavit of merit in support of [his] malpractice claim and failed to identify an expert to testify on [his] behalf who can satisfy the requirements of the Michigan medical malpractice law." *Tran v. Michigan Dept. of Human Services* 2006 WL 3782792, *7 (E.D.Mich., 2006)(unpublished), citing *McCafery v. St. Joseph Mercy Hosp.,* 2000 WL 1279159 (E.D.Mich. Aug.15, 2000) (unpublished).² Therefore, the motion to amend as to the state medical malpractice claim will be DENIED.

Finally, Plaintiff suggests generally that unnamed Defendants John Doe #1– #10 and Jane Doe #1– #10 acted "in concert or participation" with the named Defendants. However, these Defendants are not named in the individual counts, and there is no factual allegation whatsoever as to what these Defendants did that would expose them to liability. Therefore, the motion to amend will be DENIED as to the John Doe/Jane Doe Defendants.

### III. CONCLUSION

Plaintiff's motion to amend [Docket #19] is GRANTED as to the Fourteenth Amendment claims of deliberate indifference to the medical needs of a pretrial detainee

---

² Plaintiff's citation of *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006) is unpersuasive. *Osagie* was brought under the Federal Tort Claims Act (FTCA), although state substantive law was applied. In the present case, the Plaintiff seeks supplemental jurisdiction over a claim based purely on state law, and has a state court forum available to him. The far-reaching question of the constitutionality of Michigan's medical malpractice statute as applied to this case would thus be more appropriately addressed in the first instance to the Michigan courts. In addition, the 10th Circuit did not find the application of an "affidavit of merit" to a prison inmate to be a due process violation, but merely remanded to the district court for further development of the issue.

against Defendants Amy Doe (Count I); Jody Doe, Capt. Newt Jerome and Sgt. Laura Redman (Count II); and Dr. Joseph Natole, Jr., M.D. (Count III).

Plaintiff's motion to amend is GRANTED as to the claims of supervisory liability (re: deliberate indifference) against Defendants Bay County Sheriff (Count IV) and Secure Care, Inc. (Count V).

Plaintiff's motion to amend is GRANTED as to the state law claim of gross negligence against Defendants Amy Doe, Jody Doe, Laura Redman, Newt Jerome, and Dr. Joseph Natole, Jr.

In all other respects, Plaintiff's motion to amend is DENIED.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 16, 2007.

S/G. Wilson
Judicial Assistant